IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**PATRICK BALLARD**                                                                        **PLAINTIFF**

V.                                       No. 1:08CV00045 JMM

**HIGHMARK LIFE INSURANCE
COMPANY, AETNA LIFE INSURANCE
COMPANY and BROADSPIRE SERVICES, INC.**                       **DEFENDANTS**

### ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE RECORD

Pending is the Defendants' motion for Judgment on the Administrative Record. (Docket # 42). For the reasons set forth below, the motion is GRANTED.

#### Undisputed Facts

Plaintiff Patrick Ballard was employed by Washington Group International as a Plant Operator and enrolled in plans for Short Term Disability ("STD") and Long Term Disability ("LTD") benefits through his employer. Both plans were administered by Aetna. (AR 03,131). Plaintiff's last day worked was May 9, 2006. Plaintiff contends that he was notified on this date that he would be reassigned to a different position because his prescription for Klonepin, an anxiety medication, disqualified him from the position he held at the time because the prescription made him ineligible for the appropriate security clearance. In January 2007, Plaintiff filed a claim for STD benefits alleging a disability onset of December 20, 2006. Plaintiff's disability claim was based on a finding by his primary care physician of "near total occlusion in the left leg." On January 10, 2007, Plaintiff's claim was denied. Aetna determined that Plaintiff did not qualify for benefits as his last day worked was May 9, 2006 thus he was not "actively at work" on his preceding regularly scheduled work day. (AR 03). Plaintiff was informed by letter

dated January 11, 2007 that he did not qualify for disability because he did not satisfy the plan's definition of "disabled." (AR 127). Plaintiff was advised that he could request an appeal of the decision within 180 days. Plaintiff filed an appeal on December 18, 2007. Plaintiff's appeal was denied as untimely. (AR 121).

On May 7, 2007, Washington Group International sent Plaintiff a letter informing him that it was unable to find Plaintiff a position within the company and that he would be released from his employment effective May 14, 2007. (AR 84). The letter notified the Plaintiff that his insurance benefits would remain in effect until May 31, 2007. Plaintiff was paid for his remaining paid time off less deductions for disability premiums. (AR 85).

Plaintiff filed this suit after the denial of his short term disability appeal. Thereafter, the Court granted the parties' joint motion to stay proceedings allowing Plaintiff to apply for long term disability benefits and to complete the administrative process. Plaintiff's application for LTD benefits was denied by letter dated December 15, 2009. (AR 335). Plaintiff's application was initially denied because of a lack of evidence to support a finding that he satisfied the "Benefit Qualifying Period" or met the eligibility requirements. (AR 335). On appeal, Aetna determined that Plaintiff was disabled within the meaning of the Plan from December 20, 2006 through April 3, 2007 and from July 2, 2008 through November 2008. (AR 133). However, Aetna determined that Plaintiff was not an "active employee" within the meaning of the Plan at the time he became disabled on either December 20, 2006 or July 2, 2008, so he was not eligible for coverage. (AR 129).

Standard of Review

ERISA provides for judicial review of disability benefit denial decisions. The Supreme

Court has recognized that a deferential standard of review is appropriate under 29 U.S.C. § 1132(a)(1)(B), if "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). The STD Plan provides the following:

> For the purposes of Section 503 of Title 1 of the Employee Retirement Income Security Act of 1974, as amended (ERISA) the following are fiduciaries with respect to the plans listed below . . . The fiduciaries shall have discretionary authority to:
>
>> Determine whether and to what extent employees and beneficiaries are entitled to benefits . . .
>> Construe any disputed, ambiguous, or unclear terms of the plan, and
>> Make factual determinations under the plan ( including but not limited to determinations impacting benefits or eligibility.) (AR 108 -09).
>
> The LTD Plan states:
>
> We reserve full discretion and authority to manage the Group Policy, administer claims, and interpret all Group Policy terms and conditions. This includes, but is not limited to, the right to: 1. Resolve all matters when a review has been requested; 2. Establish and enforce rules and procedures for the administration of the Group Policy and any claim under it; 3. Determine your eligibility for Coverage; 4. Determine whether proof of your loss is satisfactory for receipt of benefit payments according to the terms and conditions of the Group Policy. (AR 218-19).

Here, discretionary authority is clear. Accordingly, the Court finds that the administrators' decisions are subject to review for abuse of discretion by this Court. *King v. Hartford Life and Acc. Ins. Co.*, 414 F.3d 994 (8th Cir. 2005).

In applying an abuse of discretion standard, the court must affirm the plan administrator's interpretation of the plan unless it is arbitrary and capricious. *Midgett v. Wash. Group Int'l Long Term Disability Plan*, 561 F.3d 887, 896-97 (8th Cir.2009). The reviewing Court must affirm if a "reasonable person *could* have reached a similar decision, given the evidence before him, not that a reasonable person *would* have reached that decision." *Ferrari v. Teachers Ins. and Annuity*

*Ass'n*, 278 F.3d 801, 807 (8th Cir. 2002). A reasonable decision is one based on substantial evidence that was actually before the plan administrator. Substantial evidence is defined as "more than a scintilla but less than a preponderance." *Schatz v. Mutual of Omaha Ins. Co.*, 220 F.3d 944, 949 (8th Cir. 2000). "The evidence a plan administrator may require to prove disability benefit claims depends on the terms of the plan and the circumstances of the case." *Johnson v. Metropolitan Life Ins. Co.,* 437 F.3d 809 (8th Cir. 2006)(quoting *Pralutsky v. Metropolitan Life Insurance Company,* 435 F.3d 833, 838-39 (8th Cir. 2006). Generally, "[i]t is not unreasonable for a plan administrator to deny benefits based upon a lack of objective evidence." *McGee v. Reliance Standard Life Ins. Co.,* 360 F.3d 921, 925 (8th Cir. 2004).

<u>Discussion</u>

The Court finds that the record supports the denial of benefits in this case. Plaintiff failed to exhaust his administrative remedies with regard to his claim for STD benefits, therefore this claim for relief is barred. "Where a claimant fails to pursue and exhaust administrative remedies that are clearly required under a particular ERISA plan, his claim for relief is barred." *Layes v. Mead Corp.*, 132 F.3d 1246, 1252 (8th Cir.1998). The exhaustion of available administrative remedies "enables employers and ERISA-covered plans 'to obtain full information about a claim for benefits, to compile an adequate record, and to make a reasoned decision.'" *Chorosevic v. MetLife Choices*, 600 F. 3d 934, 941 (8th Cir. 2010) *quoting, Back v. Danka Corp.*, 335 F.3d 790, 792 (8th Cir.2003). "The process is of substantial benefit to reviewing courts, because it gives them a factual predicate upon which to proceed." *Id.* Here, Plaintiff's STD benefits were denied by letters dated January 10, 2007 (advising Plaintiff that his claim was denied because he was not "actively at work" on his preceding regularly scheduled work

4

day)(AR 03) and on January 11, 2007 (advising Plaintiff that he did not qualify for disability because he did not satisfy the plan's definition of "disabled") (AR 127).  Plaintiff filed an appeal on December 18, 2007.  Plaintiff's appeal was properly denied as untimely.

Plaintiff argues that his mental health disabilities caused him to lodge his appeal untimely.  However, Plaintiff offers no particularized evidence demonstrating that his mental health condition rendered him unable to file an appeal for more than one hundred and sixty days.  Further, Aetna's decision to deny Plaintiff STD benefits was reasonable based on the record available at the time the initial decision was made. (AR 01-128).  Aetna's subsequent finding on the appeal of the denial of Plaintiff's LTD benefits, that Plaintiff was disabled from December 20, 2006 through April 3, 2007, demonstrates the importance of the appeal process.  During the appeal of the denial of Plaintiff's LTD benefits, Aetna was provided with sufficient documentation, not contained in the record at the time the initial claim for STD benefits was decided, to reach a determination that Plaintiff was disabled during this time period.

The Court also finds that Aetna's finding that Plaintiff was not actively at work the date preceding the alleged disability was reasonable.  *See, Jones v. Unum Provident Corp.*, 596 F. 3d 433 (8th Cir. 2010)(finding an employee on medical leave was not an active full time employee).  Plaintiff's last day worked was May 9, 2006.  (AR 03).  Plaintiff's date of disability was December 20, 2006.  Plaintiff had not worked the preceding seven months prior to his disability.  Plaintiff claims he was still considered an employee up to the time of his termination effective May 14, 2007.  Under the STD policy a full-time or part-time regular salaried employee is generally eligible for benefits. (AR 91).  However, STD benefits will begin only if the employee is "actively at work on the day before" the disability.  (AR 89).  Actively at work is defined as

5

"performing in the usual way all the essential functions of [the employee's] regular occupation on [the employee's] normal (i.e. full time or part time) basis. . . . (AR 89). The STD plan further provides that an employee is "considered actively at work if you meet the conditions stated above but are absent from work on a day that is a holiday, vacation day or regularly scheduled day off for you, or other similar day whereby you will not be subject to discipline under the standard employment procedures of the Employer as long as you were Actively at Work on your preceding regularly scheduled work day." Plaintiff argues under this provision he was "actively at work" for the seven months preceding his disability. The Court cannot find that Aetna was unreasonable in its interpretation of the Plan. *See, Jones*, 596 F.3d at 437(finding "[a]n employee who, like Jones, quit work for several months can hardly be called an active, full-time employee"). The Court finds that Aetna was reasonable in its interpretation of the contract, the provision at issue which applies to absences of "a day that is a holiday, vacation day or regularly scheduled day off" cannot be said to apply to extended periods in which an employee stops active work.

The Court finds that Aetna reasonably denied Plaintiff LTD benefits because he was not eligible to claim benefits as he was no longer a covered employee. Under the LTD policy, an employee is generally eligible for benefits if he is "[a]n active regular full-time Employee normally scheduled to work 30 hours or more each week . . . ." (AR 132). The policy also provides that LTD coverage will terminate on the "date you cease to belong to an Eligible Class; [or] the date you cease to be Actively at Work. . . ." (AR 212). If a claimant is eligible for coverage and is "disabled" within the meaning of the Plan for 26 weeks and has otherwise exhausted his sick leave, salary continuation and short term disability benefits, the claimant has

satisfied the "Benefit Qualifying Period" and LTD benefits may become payable. (AR 132). For the same reasons explained above, the Court finds that Aetna's denial of LTD benefits was reasonable based on its finding that Plaintiff was not an active employee on the dates immediately prior to the disability.

On appeal, Aetna determined that Plaintiff was disabled from December 20, 2006 through April 3, 2007 as a result of the total occlusion in the left leg, for which STD benefits would have applied, and again from July 2, 2008 through November 2008, when medical records reflected that Plaintiff was unable to walk more than 100 feet without resting, for which LTD benefits would have applied. (AR 133). However, Aetna found that Plaintiff was not eligible to claim LTD benefits because he was no longer a covered employee. The Court finds Aetna's decision to deny LTD benefits reasonable as Plaintiff was not eligible for coverage because he was undisputedly terminated effective May 14, 2007 (AR 84). Finally, the Court finds that Aetna reasonably determined that the medical evidence did not support a finding the Plaintiff suffered a disability between April 4, 2007 and July 2, 2008. On appeal, Aetna relied on an outside review of Plaintiff's LTD benefits claim from three physicians: Ira Feldman, M.D., Sherman Katz, M.D. and Steven Swersie, M.D. There is no conflict in the medical opinions. All three reviewing physicians concluded that Plaintiff was not disabled as of at least April 4, 2007. (AR 407-421). Further, the letter of Plaintiff's treating physician, Dr. Casali, does not substantiate a disability from April 4, 2007 to July 2, 2008. The record supports Aetna's denial of Plaintiff's disability benefits.

For these reasons, the Defendants' Motion (Docket # 42) is GRANTED. The Clerk is directed to close the case.

IT IS SO ORDERED this 15th day of September, 2011.

                                              _____
                                              James M. Moody
                                              United States District Judge